## VENTURA GROUP VENTURES, INC., Plaintiff–Appellant,

v.

**VENTURA PORT DISTRICT; Ventura Port District Public Facilities Corporation; Ventura Port District Public Improvement Corporation; the Board of Port Commissioners of Ventura Port District; Federal Deposit Insurance Corporation, as Receiver for the Merchants Bank, Kansas City Missouri, LYW Ventura Harborview Limited Partnership and Great Western Bank; Board of Supervisors, of Ventura County, Defendants–Appellees.**

courts of this circuit except as may be provided by 9th Cir. R. 36–3.

No. 97–55269.

D.C. No. CV–94–03262–HLH.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 9, 1999.

Submission Withdrawn June 28, 1999.

Resubmitted Aug. 27, 2001.

Decided Aug. 29, 2001.

Before BROWNING, THOMAS, and WARDLAW, Circuit Judges.

MEMORANDUM *

We certified two questions to the Supreme Court of California:

1. Does Article XIII A of the California Constitution (adopted in 1978 by statewide initiative as Proposition 13) prohibit a county from levying property taxes, in excess of the one percent limit, pursuant to California Harbors and Navigation Code § 6361 to pay a money judgment as required by California Government Code §§ 970–971?

2. Does a port district created pursuant to California Harbors and Navigation Code § 6210 have independent authority to impose assessments under California Harbors and Navigation Code § 6365(d)(2) in order to raise the funds needed to satisfy a judgment obtained against it?

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

The Supreme Court of California accepted certification and held:

> In summary, we answer the first of the certified questions by advising the Ninth Circuit that, under the facts of this case, article XIII A does prohibit a county from levying property taxes in excess of 1 percent to pay a money judgment under Harbors and Navigation Code section 6361 and Government Code sections 970 to 971.
>
> . . .
>
> In conclusion, we answer the second of the questions certified by the Ninth Circuit as follows: A port district created pursuant to Harbors and Navigation Code section 6210 does have independent authority to impose assessments under Harbors and Navigation Code section 6365, subdivision (d)(2) in order to raise the funds needed to satisfy a judgment obtained against it, *so long as the assessments satisfy the applicable statutory and constitutional requirements.* However, this port district may not impose an assessment to raise the funds to satisfy the judgment in question here because the assessment would not *specially benefit* the parcels upon which it would be imposed.

*Ventura Group Ventures, Inc. v. Ventura Port Dist.*, 24 Cal.4th 1089, 1104, 1108, 104 Cal.Rptr.2d 53, 16 P.3d 717 (Cal.2001).

■ This response makes clear that Ventura Port District may *not* raise property taxes higher than one percent or impose a special assessment under Harbors and Navigation Code § 6365(d)(2) to satisfy Ventura Group Ventures' money judgment against it.

■ Ventura Group Ventures also contends that the district court's interpreta-

tion of Proposition 13 preventing the imposition of additional property taxes to satisfy judgments violates the guarantee of a republican form of government in violation of U.S. Const. art. IV, § 4. "A challenge based on the Guarantee Clause, however, is a nonjusticiable political question." *Murtishaw v. Woodford*, 255 F.3d 926, 961 (9th Cir.2001).[1]

For these reasons, the judgment of the district court is AFFIRMED.

---

1. Ventura Group Ventures also mentions a violation of due process; however, because it did not argue this claim in its opening brief, we deem it waived. *See Kim v. Kang,* 154 F.3d 996, 1000 (9th Cir.1998).

